# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 6:07-cr-50-KKC |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| BILLY RAY WATSON, | |
| Defendant. | |

*** *** ***

This matter is before the Court following a significantly delayed response and reply to a Court order issued in this case. Defendant Billy Ray Watson filed a motion for appointment of counsel under the First Step Act, which was denied by the Court on initial consideration and granted by the Court on reconsideration. On July 10, 2019, the Court appointed counsel to the Defendant for the purpose of "preparing a motion under the First Step Act." (DE 48 at 2.) The Court ordered Probation to provide a copy of its Memorandum of Recalculation ("Memorandum") to defense counsel and the Government, which contained two potential sentencing calculations applying the First Step Act, Option A and Option B. Under Option A, the Defendant's guideline range remained 262-327 months, and under Option B, his guideline range was reduced to 188-235 months. The Court further ordered the Government to respond to the Memorandum within fourteen days of receiving it. Finally, the Court ordered that Defendant's counsel may reply within fourteen days of the Government's response.

1

On November 21, 2019, the Court received a response from the Government agreeing with Probation's analysis under Option B—stating the Defendant may be entitled to a sentence reduction under the First Step Act. (DE 49.) Two days later, the Court received a reply from defense counsel which agreed with the Government's position. (DE 50.) Defense counsel requested that "the Court consider the reduced sentencing guideline range and enter an Amended Judgement reducing [the Defendant's] sentence as warranted." (DE 50 at 1.)

Pursuant to the First Step Act, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018).

To date, no party has filed a motion for a sentence reduction under the First Step Act. Based on the responses to the Memorandum received, the parties appear to agree that a sentence reduction is warranted at the Court's discretion. Additionally, no party appears to object to Probation's analysis under Option B that he qualifies for a sentence reduction. Since the parties agree that a sentence reduction is warranted at the Court's discretion and the Court has not received a motion from any party under the First Step Act, the Court, on its own motion, will consider whether a sentence reduction should be granted.

The Court finds that the Defendant is eligible for a sentence reduction under the First Step Act. Defendant pleaded guilty to possession with intent to distribute over five

grams of crack cocaine. At the time of his sentencing, the Defendant faced a statutory penalty of not less than 10 years and not more than life. He was additionally designated as a career offender under the guidelines. The Defendant's advisory guideline range was 262-327 months. Following a motion filed by the Government, the Court sentenced the Defendant to 252 months imprisonment and 8 years of supervised release.

Although Federal Courts are generally prohibited from modifying a term of imprisonment once it has been imposed, there are a few narrow exceptions, including 18 U.S.C. § 3582(c)(1)(B). *United States v. Ballinger*, No. 2:09-CR-105, 2019 WL 3292156, at *1 (E.D. Tenn. July 22, 2019) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Under § 3582(c)(1)(B), the Court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act expressly permits sentence modification for defendants meeting certain criteria. As articulated below, the Defendant fits the criteria set out in Section 404 of the First Step Act. Accordingly, the Court may modify his term of imprisonment.

Section 404 of the First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018). The First Step Act further provides that the Court may impose the reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act … were in effect at the time the covered offense was committed." *Id*. A defendant is only eligible for a sentence reduction if he has not previously received a sentence or a reduction in accordance with sections 2 and 3 of the Fair Sentencing Act. *Id*. Section 404 finally provides that "[n]othing in this

3

section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*.

Prior to the enactment of the Fair Sentencing Act, an offense under 21 U.S.C. § 841(b)(1)(B) involving five grams or more of crack cocaine—like the offense committed by the Defendant—triggered a five-year minimum, forty-year maximum statutory term of imprisonment. If the defendant committed the offense after a prior felony drug conviction became final, the statutory minimum under this provision increased to 10 years, and the statutory maximum increased to life. Additionally, any sentence imposed under § 841(b)(1)(B) included minimum four-year-term of supervised release, which increased to a minimum eight-year-term if the individual had a prior felony drug conviction. Section 2 of the Fair Sentencing Act increased the threshold quantity under § 841(b)(1)(B) from 5 grams to 28 grams of crack cocaine.

Post Fair Sentencing Act, offenses involving less than 28 grams of crack cocaine would now fall under § 841(b)(1)(C). § 841(b)(1)(C) has no statutory mandatory minimum and a statutory maximum of twenty years, which is increased to 30 years if the defendant has a prior felony drug conviction. Any sentence imposed under § 841(b)(1)(C) must include a minimum three-year-term of supervised release, which is increased to a minimum six-year-term of supervised release if the individual has a prior felony drug conviction.

The Defendant was charged with possession with intent to distribute over five grams of crack cocaine under § 841(a)(1), and he was originally sentenced under § 841(b)(1)(B). The Defendant committed the offense before August 3, 2010, and the statutory penalties for the offense committed have been modified by the Fair Sentencing

Act. Defendant also has not previously received any sentence or reduction in accordance with the Fair Sentencing Act. Accordingly, the Defendant is eligible for relief under the First Step Act. If his sentence was imposed "as if sections 2 and 3 of the Fair Sentencing Act … were in effect at the time the covered offense was committed[,]" he would be sentenced under § 841(b)(1)(C), which, unlike § 841(b)(1)(B), does not impose a mandatory minimum sentence. Additionally, the Defendant's statutory maximum under § 841(b)(1)(C) would be 30 years considering his previous felony drug conviction. Finally, under § 841(b)(1)(C), the Defendant's term of supervised release would be at least six years.

The Defendant's career offender offense levels and resulting advisory guideline range have also been affected under the Fair Sentencing Act. Pre-Fair Sentencing Act, the statutory maximum for the Defendant's offense was life in prison. Accordingly, under U.S.S.G. § 4B1.1, the Defendant's offense level was 37. The Defendant, however, received a three-point reduction for acceptance of responsibility, bringing his offense level to 34. Post-Fair Sentencing Act, the statutory maximum for the Defendant's offense is 30 years. As such, under U.S.S.G. § 4B1.1, his offense level would now be 34. Applying the reduction for acceptance of responsibility, his offense level would be 31. This reduction in offense levels lowers the Defendant's guideline range from 262-327 to 188-235 months.

In light of the foregoing, the Court is inclined to exercise its discretion to reduce the Defendant's sentence from 252 months to 180 months. Like his initial sentence, this proposed reduction includes a downward departure from the advisory guideline range. The Court is also inclined to reduce the Defendant's period of supervised release from 8 years to 6 years. The Court will allow the parties fourteen days to object in writing to

the foregoing proposed sentence reduction. The parties will be further directed to inform the Court if they have no objection. After the time allotted has expired, the Court will consider any objections and issue an Amended Judgment.

Accordingly, the Court **HEREBY ORDERS** as follows:

(1) The parties shall file any objection to the proposed sentence reduction articulated in this opinion within fourteen (14) days of the date of this order.

(2) The parties are further **DIRECTED** to inform the Court if they have no objections. If the parties fail to appropriately respond within fourteen (14) days, the Court will issue an Amended Judgment consistent with this opinion and order.

Dated December 9, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY