UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:07-CR-50-KKC-HAI |
| v. ) | |
| ) | |
| BILLY RAY WATSON, *also known as* ) | RECOMMENDED DISPOSITION |
| MUD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral (D.E. 62), considers reported violations of supervised release conditions by Defendant Billy Ray Watson. District Judge Caldwell entered a judgment against Defendant on January 29, 2008, following a plea of guilty to a violation of 21 U.S.C. §§ 841(a)(1) and 851, possession with intent to distribute five grams or more of cocaine base (crack cocaine). D.E. 29. He was sentenced to 252 months of imprisonment and eight years of supervised release. *Id*. at 2-3. On December 17, 2019, Defendant's sentence was reduced to 180 months of imprisonment with six years of supervised release to follow pursuant to 18 U.S.C. § 3582(c)(2). D.E. 53. Defendant was released from custody to begin service of his six-year term of supervision on March 3, 2020.

**I.**

On August 23, 2022, the USPO issued the Supervised Release Revocation Report ("the Report") that initiated these proceedings. According to the Report,

> On August 21, 2022, Watson was arrested and charged with the following in McCreary County District Court, Whitley City, Kentucky, Case No. 22-F-00132:

> 1) Fleeing or Evading Police, 2nd Degree (Motor Vehicle) – in violation of KRS § 520.100, a Class A Misdemeanor
>
> 2) Trafficking in Controlled Substances, 1st Degree, 1st Offense (< 10 D.U. Drug Unspecified Schedule 1 & 2) – in violation of KRS § 218A.1412, a Class C Felony and in violation of 21 U.S.C. § 844(a), a Class E Felony
>
> 3) Tampering with Physical Evidence – in violation of KRS § 524.100, a Class D Felony.
>
> Per the citation and a conversation with the arresting officer, Constable Freddie Clark, Watson was observed in the driver's seat of his vehicle, which was stationary in the parking lot of a store one mile from Watson's reported address. Another vehicle was observed pulling into the parking lot, and the driver of that vehicle, Stanley Smiddy, left his vehicle and sat in the passenger's seat of Watson's vehicle. Law enforcement made contact with Watson's vehicle and observed a clear plastic baggie of suspected methamphetamine in Watson's hand, $150 in U.S. currency visible in the console, and a small container behind the passenger's seat. Watson attempted to drive away from law enforcement before being detained. During the arrest, an unspecified amount of U.S. currency was found in Watson's right front pants pocket. The container previously observed in Watson's vehicle was found next to the store and contained several small packets of substances suspected to be cocaine or fentanyl, which were individually wrapped in foil, as well as several different types of prescription pills.
>
> Watson was lodged in the Knox County jail. A $5,000 cash bond was posted on his behalf on August 22, 2022, and he was released from custody. He has an arraignment scheduled for August 25, 2022.

The Report charges three violations based on this conduct. Violation #1 alleges Defendant violated the conditions that prohibit him from committing another federal, state, or local crime and from unlawfully possessing a controlled substance. This is a Grade A violation.

Violation #2 alleges Defendant violated the condition that prohibits him from associating with any person convicted of a felony without permission from the probation officer. According to the Report, Stanley Smiddy "was previously convicted of felony theft-related charges in McCreary County Circuit Court, Whitley City, Kentucky, Case Nos. 02-CR-00085-002 and 02-CR-00086-002." Defendant did not have permission from the probation officer to associate with Smiddy. This is a Grade C violation.

2

Violation #3 alleges Defendant violated the condition requiring him to notify the probation officer within seventy-two hours of being arrested or questioned by law enforcement. The Report indicates that Defendant had not notified the probation officer of his arrest as of its filing. This is also a Grade C violation.

## II.

On September 2, 2022, the Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. D.E. 59. At the initial appearance, the United States made an oral motion to amend Violation #1 to remove the tampering basis of the charge and to amend the reference to 21 U.S.C. § 844(a) to 21 U.S.C. § 841(a)(2). *Id.* Defendant did not object to either proposed amendment. *Id.* The Court granted the motion and Violation #1 was amended as stated on the record. *Id.* Defendant requested a preliminary hearing. *Id.* After hearing the evidence, Defendant conceded to probable cause as to the violations. *Id.* Accordingly, the Court found that the government established probable cause to believe Defendant committed the violations. *Id.* The United States also made an oral motion for interim detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required.

The final hearing was originally scheduled for September 15, 2022. At that time, defense counsel requested a continuance to allow time to clarify the status of Defendant's state charges referenced in Violation #1. The hearing was rescheduled for September 30, 2022. At the final hearing, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 64. The government indicated that it would not seek an indictment based on the conduct underlying Violation #1. Defense counsel indicated neither parole revocation proceedings nor a new indictment would be pursued by the Commonwealth. The Court advised Defendant that it has no

authority to enforce the promises made by the Commonwealth. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade A violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(1).

During the final hearing, the parties jointly recommended sixty months of imprisonment with no supervised release to follow. The government argued that Defendant's breach of trust is significant in light of the below-Guidelines sentence he received for his underlying conviction. The government also noted the severity of the violations and the grave danger he placed himself and the community in by distributing harmful, addictive drugs. The government noted Defendant's criminal history is dismal, which includes thirty-seven criminal convictions. with nineteen felonies. The government further noted that five of Defendant's nineteen felony convictions involved drug trafficking. The government concluded Defendant will not be deterred from committing crimes and the only way to protect the public from such conduct is through a lengthy term of imprisonment. Because of Defendant's refusal to comply with conditions and reintegrate into society, the government also argued that any additional term of supervised release would be fruitless.

Defense counsel stated that she did not disagree with the government's description as to the seriousness of Defendant's history and the violations. Counsel stated that Defendant

4

expressed a desire to leave his criminal conduct behind him. Defense counsel also requested that the Court recommend Defendant be designated to FMC Lexington based on medical issues.

Defendant directly addressed the Court and stated that he believed the recommended sentence was appropriate. Defendant also apologized to the Court and USPO for his conduct. Defendant stated that he was doing well before returning to his previous community and is tired of serving time in prison. Defendant also stated that his father was killed during his childhood, and he was raised by people also involved in drug trafficking. He agreed that his conduct harms the community. As to his medical issues, Defendant stated that his eye socket was injured in 2018 during a sinus surgery. Defendant also stated that he has broken multiple bones.

### III.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to possession with to distribute five grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 851, which is a Class A felony. *See* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 3559(a)(1). For a Class A felony, the maximum revocation sentence provided under section 3583 is sixty months of imprisonment. 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under § 7B1.1, Defendant's admitted conduct in Violation #1 would qualify as a Grade A violation while his admitted conduct in Violations #2 and #3 would qualify as Grade C violations. Given Defendant's criminal history category of VI (the category at the time of the conviction in this District) and a Grade A violation, Defendant's range under the Revocation Table of Chapter 7 is 51 to 63 months. U.S.S.G. § 7B1.4(a); *see also* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"). However, because of the statutory maximum imposed by 18 U.S.C. § 3583(e)(3) for imprisonment when the underlying offense of conviction is a Class A felony, the range effectively becomes 51 to 60 months. Both parties agreed to this calculation of the range.

A Court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's original conviction carries no maximum term of supervised release. 21 U.S.C. § 841(b)(1)(B).

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). The sole exception to mandatory imprisonment and revocation provided in 18 U.S.C. § 3583(d) would require a finding that the record supports drug treatment as a suitable alternative to incarceration. *See* 18 U.S.C. § 3583(d); *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of

supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Defendant did not request or argue in favor of this exception, and nothing in the record supports its application.

The presence of a Grade A violation also means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Even if revocation were not mandatory, revocation would be appropriate in this case due to the nature of the violations.

## IV.

The Court has evaluated the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. Additionally, the Court has considered all of the section 3553 factors imported in the section 3583(e) analysis.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant pled guilty to possession with intent to distribute five grams or more of crack cocaine and received a necessary sentence to address his criminal behavior. His current violations involve similarly dangerous criminal conduct.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's dismal criminal history spans forty years, and the current violations reflect that he refuses to turn away from such conduct. The violations, especially trafficking controlled substances, are dangerous to the community. Although specific deterrence has been ineffective, there is a strong need to protect the public and

7

for general deterrence. Based on Defendant's history and refusal to comply with conditions, these factors can only be addressed by a lengthy term of imprisonment.

The Court must also consider the need to provide Defendant with education, training, and treatment. The record does not reflect that Defendant currently struggles with addiction. However, the undersigned will recommend that Defendant serve the term of imprisonment at a facility that can accommodate his health issues.

The Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's breach of the Court's trust is significant in this case. Defendant benefitted from a below-Guidelines sentence for his underlying conviction. Further, the violations involve the same serious and dangerous conduct as his underlying conviction. Defendant simply refuses to step out of the shadow his criminal history has cast over him.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines range. Here, the Court recommends a sentence of incarceration of sixty months. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction does not carry a maximum term of supervised release due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B). However, for the reasons stated above, the Court will recommend that no additional term of supervised release be imposed.

Based upon the foregoing, the Court **RECOMMENDS**:

1. That Defendant be found guilty of the violations;

2. Revocation with a term of sixty months of imprisonment at a facility that can accommodate his health issues; and

3. No supervised release to follow.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **five days** after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Caldwell's docket upon submission. If

Defendant chooses to waive allocution, he **SHALL** do so on or before the deadline for filing objections.

This the 6th day of October, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge